IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BINTA M. EDWARDS : | |
| : | CIVIL ACTION |
| Plaintiff, : | |
| v. : | No.: |
| : | |
| DB COMMISSARY LLC *d/b/a* DI BRUNO : | |
| BROS. : | |
| and : | |
| DB RETAIL HOLDINGS, LLC *d/b/a* : | **JURY TRIAL DEMANDED** |
| DI BRUNO BROS. : | |
| and : | |
| DI BRUNO BROS. HOLDINGS, INC. : | |
| and : | |
| DI BRUNO BROTHERS, LLC : | |
| and : | |
| DI BRUNO BROS. INC. : | |
| and : | |
| DB CORPORATE LLC : | |
| and : | |
| DB ASSOCIATES, LLC : | |
| : | |
| Defendants. : | |
| : | |

**CIVIL ACTION COMPLAINT**

Plaintiff, Binta M. Edwards (*hereinafter* referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. Plaintiff has initiated this action to redress violations by DB Commissary LLC *d/b/a* Di Bruno. Bros, DB Retail Holdings, LLC *d/b/a* Di Bruno Bros., Di Bruno Bros. Holdings, Inc., Di Bruno Brothers, LLC, Di Bruno Bros. Inc., DB Corporate LLC, and DB Associates, LLC (*hereinafter* collectively referred to as "Defendants") of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq.*), the Family and Medical Leave Act ("FMLA" – 29 U.S.C. § 2601 et. seq.), the Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia

Fair Practices Ordinance ("PFPO").[1] Plaintiff was unlawfully terminated by Defendants, and she suffered damages more fully described/sought herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants are deemed to reside where they are subjected to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted her administrative proceedings before initiating this action by timely filing and dual-filing her Charge

---

[1] Plaintiff's claims under the PHRA and PFPO are referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue-letters under the ADA. Plaintiff's PHRA and PFPO claims however will mirror identically her federal claims under the ADA.

2

with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

7. Plaintiff is an adult who resides at 5731 N. 19th Street, Philadelphia, Pennsylvania 19141.

8. DB Commissary LLC *d/b/a* Di Bruno. Bros, DB Retail Holdings, LLC *d/b/a* Di Bruno Bros., Di Bruno Bros. Holdings, Inc., Di Bruno Brothers, LLC, Di Bruno Bros. Inc., DB Corporate LLC, and DB Associates, LLC are all registered corporate entities with the Pennsylvania Department of State.  They are collectively hereinafter referred to as "Defendants."

9. Plaintiff received payroll and a W-2 (for taxation purposes) directly from Defendant DB Commissary LLC *d/b/a* Di Bruno Bros., but was *functionally and legally* an employee of all Defendants.  By way of examples only:

(A) Defendants operate as a single enterprise;

(B) Defendants transfer employees and management amongst different locations and share staff and employees amongst different locations, doing business under many fictious business names;

(C) Defendants utilize overlapping documents, policies, and information amongst each entity; and

(D)  Defendants share employees, resources, have the same owner(s) and high-level management, share financial controls, follow the same directives, use the same employment documents within the enterprise regardless of Defendant, have the same procedures and benefits for the entire enterprise of all Defendants, and merely operate as a single business with different brands of vehicles being sold to the public.

10. One of the locations in which Defendants collectively operate from is 1730 Chestnut Street, Philadelphia, Pennsylvania 19103.

11. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff was employed with Defendants from in or about October of 2017 until her unlawful termination (discussed further *infra*) on or about March 11, 2020, holding several different positions within Defendants including Assistant Production Manager.

14. At the time of Plaintiff's termination, however, she was working as a Sous Chef for catering.

15. At the time of her termination, Plaintiff was primarily supervised by Executive Chef, Robert Jackson (*hereinafter* "Jackson") and General Manager, Sandy Glatter (*hereinafter* "Glatter").

16. Throughout her tenure with Defendants, Plaintiff was a hard-working employee who has performed her job well.

17. On or about December 29, 2019, Plaintiff was involved in a serious head-on collision/auto accident on her way home from work. As a result, she suffered from and continues to suffer from serious injuries/health conditions including back and neck injuries and a broken foot (and associated complications), which limited her ability (at times) to perform some daily life activities, including but not limited to walking, turning and bending her neck, and working (among other daily life activities).

18. Despite her aforementioned health conditions and limitations, Plaintiff was still able to perform the essential duties of her job well with Defendants; however, Plaintiff did require reasonable medical accommodations at times (discussed *infra*).

19. For example, Plaintiff requested and was approved for leave under the Family and Medical Leave Act ("FMLA") from on or about December 29, 2019 until on or about March 11, 2020.

20. Throughout her medical leave, Plaintiff regularly apprised Human Resources Generalist, Laura Quigley (*hereinafter* "Quigley") of the status of her health conditions and confirming her need for medical leave.

21. For example, on or about February 11, 2020, Plaintiff informed Quigley that her doctor had extended her medical leave for just an additional 2½ weeks, until on or about March 30, 2020 (a reasonable accommodation under the ADA).

22. In response to Plaintiff's very reasonable request for a brief 2½ week extension of her medical leave, Quigley sent Plaintiff a letter, on or about February 26, 2020, stating that Plaintiff "would have exhausted [her] FMLA leave on March 10, 2020," she was "not eligible for any additional leave as required by state and federal law," and she would be terminated if she did not return to work on March 11, 2020.

23. On or about March 10, 2020, in fear of losing her job, Plaintiff emailed Quigley that she would be seeing her doctor the following day (March 11, 2020), at which time she would be getting her foot cast off and would request an immediate return to work note from her doctor.

24. Despite the fact that Plaintiff informed Quigley she would be requesting a note from her doctor on or about March 11, 2020 to return to work before the end of the 2½ week extension her doctor had recommended, Quigley responded that March 10, 2020 was Plaintiff's last day of

FMLA leave and that she would be terminated at the end of the day, unless she was cleared to be able to return to work on March 11, 2020.

25. On or about March 11, 2020, Plaintiff had her cast removed and her doctor cleared her to return to work on or about Monday, March 16, 2020. As a result, Plaintiff only needed the very reasonable medical accommodation of **just 3 additional business days** beyond her FMLA leave. Quigley, however, informed Plaintiff that because she had not returned to work on or about March 11, 2020, she was terminated as of the end of the day on March 10, 2020.

26. Regardless of whether Plaintiff's FMLA ended on March 10, 2020, Defendants were still required to engage in the interactive process and provide Plaintiff with reasonable accommodations under the ADA.

27. Prior to abruptly terminating Plaintiff's employment, Defendants failed to (1) engage in the interactive process as required under the ADA; (2) accommodate Plaintiff under the ADA; or (3) hold her position open during her just over three-month medical leave.

28. Plaintiff believes and therefore avers that she was terminated because of (1) her known, perceived, and/or record of disabilities; (2) in retaliation for requesting/utilizing reasonable medical accommodations; and/or (3) Defendants' complete and utter failure to accommodate her health conditions.

**COUNT I**
**Violations of the Americans with Disabilities Act, as Amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)**
**-Against All Defendants-**

29. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30. Plaintiff suffered from qualifying health conditions under the ADA which affected her ability (at times) to perform some daily life activities including, but not limited to walking, turning and bending her neck, and working.

31. Plaintiff kept Defendants' management informed of her serious medical conditions and need for medical treatment and other accommodations.

32. Despite Plaintiff's aforementioned health conditions and limitations, she was still able to perform the duties of her job well with Defendants; however, Plaintiff did require reasonable medical accommodations at times.

33. Plaintiff requested reasonable accommodations from Defendants, including but not limited to a medical leave of absence to care for and treat her serious health conditions.

34. Plaintiff was terminated from her employment with Defendants in close proximity to requesting/utilizing reasonable accommodations and while still out on medical leave.

35. Prior to abruptly terminating Plaintiff's employment, Defendants failed to (1) engage in the interactive process as required under the ADA; (2) accommodate Plaintiff under the ADA; or (3) hold her position open during her just over three-month medical leave.

36. Plaintiff believes and avers that she was terminated from her employment with Defendants because of: (1) her known and/or perceived disabilities; (2) her record of impairment; (3) her requested accommodations; and/or (4) Defendants' failure to engage in the interactive process and/or to accommodate her disabilities.

37. These actions as aforesaid constitute violations of the ADA

## COUNT II
### Violations of the Family and Medical Leave Act ("FMLA")
([1] Retaliation & [2] Interference)
-Against All Defendants-

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

40. Plaintiff requested leave from Defendants, her employers, with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

41. Plaintiff had at least 1,250 hours of service with Defendants during her last full year of employment.

42. Defendants are engaged in an industry affecting commerce and employ fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

43. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

44. Plaintiff was terminated in close proximity to her requests for a block medical leave to care for and treat her serious health conditions.

45. Defendants committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff for requesting and/or exercising her FMLA rights and/or for taking FMLA-qualifying leave; (2) considering Plaintiff's FMLA leave needs in making the decision to terminate her; (3) terminating Plaintiff to intimidate her and/or prevent her from taking FMLA-qualifying leave in the future; (4) by making negative comments and/or taking actions towards her that would dissuade a reasonable person from exercising her rights under the FMLA; and (5) failing to reinstate Plaintiff to the same or similar position upon being released to return to work from her FMLA leave.[2]

46. These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

---

[2] *See e.g. Keim v. AMTRAK*, 2007 U.S. Dist. LEXIS 54200 (E.D Pa. 2007)(even where an employee is given 12 weeks of FMLA leave eliminating an interference claim, it constitutes unlawful retaliation to deny him or her reinstatement to his prior role where it was feasible).

    A.    Defendants are to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

    B.    Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

    C.    Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

    D.    Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

    E.    Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

    F.    Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: July 28, 2020

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Binta M. Edwards : CIVIL ACTION
v. :
DB Commissary LLC d/b/a Di Bruno Bros., et al. : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 7/28/2020 | *[signature]* | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 5731 N. 19th Street, Philadelphia, PA 19141

Address of Defendant: 1730 Chestnut Street, Philadelphia, PA 19103

Place of Accident, Incident or Transaction: Defendants place of business

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/28/2020  _____  ARK2484 / 91538
  *Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
[ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
[ ] 2. FELA
[ ] 3. Jones Act-Personal Injury
[ ] 4. Antitrust
[ ] 5. Patent
[ ] 6. Labor-Management Relations
[X] 7. Civil Rights
[ ] 8. Habeas Corpus
[ ] 9. Securities Act(s) Cases
[ ] 10. Social Security Review Cases
[ ] 11. All other Federal Question Cases
  *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
[ ] 1. Insurance Contract and Other Contracts
[ ] 2. Airplane Personal Injury
[ ] 3. Assault, Defamation
[ ] 4. Marine Personal Injury
[ ] 5. Motor Vehicle Personal Injury
[ ] 6. Other Personal Injury *(Please specify):* _____
[ ] 7. Products Liability
[ ] 8. Products Liability – Asbestos
[ ] 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 7/28/2020  _____  ARK2484 / 91538
  *Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
EDWARDS, BINTA M.

### DEFENDANTS
DB COMMISSARY LLC D/B/A DI BRUNO BROS., ET AL.

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- 1 U.S. Government Plaintiff
- **X** 3 Federal Question *(U.S. Government Not a Party)*
- 2 U.S. Government Defendant
- 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | **LABOR** | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 710 Fair Labor Standards Act | **SOCIAL SECURITY** | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 720 Labor/Management Relations | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 740 Railway Labor Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | | | 751 Family and Medical Leave Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| | | | | 864 SSID Title XVI | 891 Agricultural Acts |
| | | | 790 Other Labor Litigation | 865 RSI (405(g)) | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | | |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | **X** 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- **X** 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from Another District *(specify)*
- 6 Multidistrict Litigation - Transfer
- 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)

Brief description of cause:
Violations of ADA, FMLA, PA Human Relations Act and the Philadelphia Fair Practices Ordinance.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** **X** Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 7/28/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

[Print]  [Save As...]  [Reset]